IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SYLVIA J. REDDY | * |
| Plaintiff | * |
| v. | * CASE NO.: MJG 03 CV 425 |
| GOVERNMENT OF BALTIMORE COUNTY, MARYLAND, et al. | * |
| Defendants | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF**
**MOTION TO DISMISS**

Defendants, Baltimore County, Maryland[1] and Terry Woodhouse, by undersigned counsel and pursuant to Rule 12 (b) (6), submit the following memorandum in support of their motion to dismiss.

I. BACKGROUND

Plaintiff, Sylvia Reddy ("Reddy"), is a Baltimore County police officer who has sued a fellow officer, Terry Woodhouse (who has since retired), and the County itself. Reddy alleges, with no supporting detail, that "[s]ince approximately 1993 Plaintiff has been subjected to racial, verbal and physical sex-based harassment by a co-worker, the Defendant Terry Woodhouse." Amended Complaint, ¶ 7. Reddy then avers that "[o]n February 26, 2002 the Defendant Terry Woodhouse kicked the Plaintiff in the region of her buttocks while both the Plaintiff and the Defendant Woodhouse were engaged in their duties as police officers." *Id.*

---

[1] Plaintiff has sued the "Government of Baltimore County, Maryland." Pursuant to § 103 of the Baltimore County Charter, the correct legal name by which the County can sue and be sued is "Baltimore County, Maryland." Rather than raising this technical defense the County is simply proceeding in its proper legal capacity.

Reddy filed a Charge of Discrimination with the EEOC as a result of this workplace incident. *Id.,* ¶ 13. The County filed an Answer to the Charge and on November 21, 2002 the EEOC issued a Dismissal and Notice of Rights, specifically determining that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." *See,* Notice of Rights, attached as Exhibit 1.[2] Reddy also filed a Worker's Compensation claim for the injuries she allegedly sustained in the incident complained of. That claim is presently pending. *See,* First Report of Injury, and Employee's Claim, attached collectively as Exhibit 2. Reddy is currently working light duty with full pay and benefits.

Pending before the Court is Plaintiff's Amended Complaint, alleging the following causes of action:

Count I - "Deprivation of Civil Rights, §§ 1983 and 1988"

Count II - "Battery" (against Defendant Woodhouse only)

Count III - "Negligent Hiring, Training, and Supervision"

## II.  APPLICABLE STANDARD

A motion to dismiss under Rule 12 (b) (6) tests the sufficiency of the complaint, *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), and should be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). This is such a case.

## III. ARGUMENT

---

[2] Defendants are mindful of the fact that in proceeding under Rule 12 (b) (6) a party cannot rely on matters outside the pleadings. However, since the Dismissal and Notice of Rights is a "matter of public record," this exhibit does not offend Rule 12 or convert this motion to dismiss into one for summary judgment. 5A Wright & Miller, Federal Practice and Procedure, § 1357 at 299 and § 1364 (2d Ed. 1990); *Anheuser Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995).

In her Amended Complaint, Plaintiff generally alleges ongoing discrimination, and in Count I she avers that the incident of February 26, 2002, wherein Defendant Woodhouse allegedly kicked her in her buttocks, "deprived Plaintiff of her constitutional rights without affording her due process of law." Amended Complaint, ¶ 15. As noted above, Plaintiff pursued her administrative remedies under Title VII by filing a Charge with the EEOC. However, Plaintiff failed to file suit within ninety (90) days of receiving her Dismissal and Notice of Rights, as required by 42 U.S.C.A. § 2000 e-5 (f) (1) (West 1994 & Supp. 2001).

Because Plaintiff failed to exhaust her Title VII claims she is barred from relying on 42 U.S.C.A. § 1983 to assert essentially the same theory of recovery-this time under the Due Process Clause. *Hughes v. Bedsole,* 48 F.3d 1376, 1383 (4th Cir. 1995) ("Hughes cannot bring an action under § 1983 for violation of her Fourteenth Amendment rights because Hughes originally could have instituted a Title VII cause of action."); *see also, Brown v. Housing Authority of Calvert County*, 150 F.Supp. 2d 856, 862 (D. Md. 2001) (under *Hughes v. Bedsole*, plaintiff barred from bringing constitutional claims after failing to sue under Title VII); *Burtnick v. McLean*, 953 F. Supp. 121, 123 (D. Md. 1997) (same). Title VII was the statutory vehicle by which Reddy could have pursued her claims in federal court. By abandoning that course she forfeited her right to this federal forum.

Further, even if this Court were to address the merits of Reddy's federal claim, it would be found lacking as a matter of law. First, a § 1983 claim will only lie where the acts complained of were done by a state actor, and "under color of law." In *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250 (1988), the Supreme Court observed that "[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of

state law." *Id.* at 49, 108 S.Ct. at 2255. In the case at bar, other than the fact that the alleged kicking occurred in a police station, it is hard to see how this act was "made possible only because the wrongdoer is clothed with the authority of state law." In the notorious case of *Jones v. Clinton*, 974 F.Supp. 712 (E.D. Ark. 1997) the court reasoned that "[i]t is, of course, true that not every action undertaken by a person who happens to be employed by the state is thereby 'under color of state law.'" *Id.* at 721, citing *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1150 (3rd Cir. 1995) (otherwise private tort is not committed under color of law simply because alleged tortfeasor is state employee); *see also, Barna v. City of Perth Amboy*, 42 F.3d 809, 816 (3rd Cir. 1994) (police officer's purely private acts which are not furthered by any actual or purported state authority are not under color of state law).

     In the instant case Woodhouse could just as easily have kicked Reddy when the two were off duty. His status as a police officer did not aid him in the least, nor was he in any way exercising some official authority at the time. Thus, as a threshold matter, Reddy has failed to satisfy an essential prerequisite for suing under § 1983 and her federal claims are subject to dismissal as a matter of law.

     Second, even if Woodhouse's alleged kick is deemed to be under color of law, this act does not come close to violating Reddy's substantive Due Process rights. In order to state even a prima facie violation of substantive Due Process, a plaintiff must show a deliberate deprivation of "life, liberty, or property." *Daniels v. Williams,* 474 U.S. 327, 331, 106 S. Ct. 662, 670 (1986). It is quite dubious whether the Due Process Clause protects against being kicked in the buttocks. Quite simply, "not all undesirable behavior by state actors is unconstitutional." *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995), *citing, Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160 (1976)

(the Fourteenth Amendment is not "a font of tort law"). Rather, only "conduct which amounts to a <u>brutal and inhumane abuse of power literally shocking to the conscience</u>, violates the substantive guarantees of the Due Process Clause." *Temkin v. Frederick County Commr's*, 945 F.2d 716, 720 (4th Cir. 1991) (emphasis added). Defendants respectfully submit that the conduct complained of by Reddy does not, as a matter of law, meet this standard. As such, Count I fails to state a claim upon which relief can be granted.

Finally, as noted above, Reddy has an adequate state remedy -workers' compensation- which she is actively pursuing. Thus, dismissal of her federal claim will not leave her without redress for her alleged injuries.

## CONCLUSION

For all of the foregoing reasons, Count I -the only federal cause of action- fails to state a claim upon which relief can be granted. Further, there is no cause for this Court to exercise supplemental jurisdiction over the pendent state claims.

Respectfully submitted,

_____
PAUL M. MAYHEW
Assistant County Attorney
Trial Bar # 22210
400 Washington Avenue
Towson, MD 21204
410-887-4420
Attorney for Defendants

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on the _____ day of April, 2003, a copy of Defendants' Memorandum in Support of Defendants' Motion to Dismiss were mailed via first class mail, postage prepaid to:

J. Edward Martin, Esq.
Trial Bar No. 0918
409 Washington Avenue, Suite 707
Towson, Maryland 21204
(410) 337-3755

Carmel J. Snow, Esq.
Trial Bar No. 24989
2701 W. Patapsco Avenue, Suite 109
Baltimore, Maryland 21230
(410) 525-0325

 

_____
PAUL M. MAYHEW
Assistant County Attorney

S:\Mayhew\Pleads\reddy.mem.mot.dismiss1.doc