UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

SYLVIA J. REDDY                         *

          Plaintiff                     *

vs.                                     *        Case No.  MJG 03 CV 425

BALTIMORE COUNTY MARYLAND, et al.       *

          Defendants
*     *     *     *     *     *     *     *     *     *     *     *

**MEMORANDUM IN SUPPORT OF RESPONSE
TO MOTION TO DISMISS**

Sylvia J. Reddy, Plaintiff, submits the following Memorandum in Support of

her Response to the Defendants' Motion to Dismiss:

**I.      DEFENDANTS' MOTION SHOULD BE TREATED
AS ONE FOR SUMMARY JUDGMENT.**

1.  Attached to the Defendants' Memorandum in Support of Motion to

Dismiss are three documents which Defendants allege are matters of public record.

These are, nevertheless, "matters outside the pleading".  Federal Rule 12(b) provides,

in pertinent part, as follows: "If, on a motion asserting the defense numbered (6) to

dismiss for failure of the pleadings to state a claim upon which relief can be granted,

matters outside the pleading are presented to and not excluded by the court, the

motion shall be treated as one for summary judgment and disposed of as provided in

Rule 56, and all parties shall be given reasonable opportunity to present all material

made pertinent to such a motion by Rule 56."

2.   In order to respond to the argument set forth in the Defendants' Motion, the Plaintiff has been required to furnish the Court with a copy of his company check and a copy of the receipt issued by the Clerk of the United States District Court, neither of which are "public records".  Defendants' Motion should be treated as one for summary judgment and disposed of as provided in Rule 56.

3.   Moreover, Defendants' Motion states that "Reddy is currently working light duty with full pay and benefits."  This statement is not under oath.  It is certainly something outside the pleadings and is another reason why the Defendants' Motion should be treated as one for summary judgment.[1]

## II.     PLAINTIFF'S ORIGINAL CHARGE OF DISCRIMINATION WAS ON MULTIPLE GROUNDS.

4.   The charge of discrimination prepared by the Plaintiff, apparently without the benefit of counsel, alleges that from June 7, 2001 through April 3, 2002 (the date of the filing) she had been subjected to verbal and physical sex based harassment by a co-worker.  She states that following her complaint, regarding the

---

[1]

A Motion for Summary Judgment should be granted only if there exists no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law.  F.R.C.P. 56(c); *Anderson v. Liberty at Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505 (1986); *Celotex Corp. v. Curtrett,* 477 U.S. 317, 322, 106 S.Ct. 2548 (1986).  In other words, if there exists factual issues that can properly be resolved only by a finder of fact because they may reasonably be resolved in favor of either party, then summary judgment is inappropriate.  *Brown v. Housing Authority of Calvert County,* 150 F. Supp. 2d 856 (District of Maryland 2201).

most recent incident on February 26, 2002, she was involuntarily transferred out of her unit. The February 26, 2002 incident is described in the Complaint as an actual battery in which the Defendant Woodhouse kicked[2] the Plaintiff in the buttocks while both were working in the one of the police department buildings in Baltimore County, Maryland.

5. Plaintiff's charge of discrimination goes on to state that "Despite numerous complaints to my supervisor regarding the sex based harassment, it continued and no action was taken against the harasser. She also states she believes she was discriminated against with respect to sex based harassment and subject to an involuntary transfer in retaliation for engaging in protected activity in violation of Title VII of the Civil Rights Act of 1964.

## III.   PLAINTIFF'S COMPLAINT AND ELECTION OF JURY TRIAL ALLEGE MULTIPLE GROUNDS FOR RELIEF.

6. In paragraph 7 of the Complaint Plaintiff alleges that since approximately 1993 she has been subject to racial, verbal and physical sex-based harassment by a co-worker, the Defendant Terry Woodhouse. She also alleges that she was battered on February 26, 2003 when the Defendant Terry Woodhouse kicked

---

[2]

The kick was apparently more than a mere "tap". Baltimore County is self-insured for workers' compensation (see Exhibit 2 attached to the Defendants' Motion to Dismiss). Baltimore County's Memorandum states that "Reddy has an adequate state remedy - workers' compensation, which she is actively pursuing. (Memorandum, pg. 5)" Apparently the injuries caused by the kick to the buttocks were significant.

her in the region of her buttocks. She further alleges that "following the incident on February 26, 2002 she immediately complained to her supervisors and was, improperly, involuntarily transferred out of her unit by the Police Department." Thus she alleges that she was subject to racial and gender based harassment, that she was battered, and that the employer retaliated against her following her complaint.

7. 42 U.S.C. § 1983 provides as follows: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution of Laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that any action brought against a judicial officer for an action or omission taken such officer judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. . . ."

8. In *Keller v. Prince George's County,* 827 F.2d 952 (4th Cir. 1987) the court held that a Section 1983 claim may be based, *inter alia*, on race or sex discrimination in employment by a municipality and its Section 1983 cases are not precluded by the existence of Title VII. The defendant, in opposition to the holding in *Keller* cites *Hughes v. Bedsole,* 43 F.3d 1376 (4th Cir. 1995) but the defendant's reliance thereon is misplaced. In footnote No. 6 (48 F.3d 1376 at 1383) the Court of Appeals noted that "Hughes initially filed a Title VII claim with the EEOC. The

EEOC did not issue a determination letter on her charge, and instead issued Hughes a right to sue letter.  Hughes, however, waived her right to sue under Title VII because she did not file her lawsuit within the time permitted."  The situation in the instant case is different.  Sylvia Reddy has filed her lawsuit within the time permitted. See Exhibit B attached to the Plaintiff's Response to Defendants' Motion to Dismiss.


    May 1, 2003                                    /s/



Date

J. Edward Martin, Esquire
(Federal Bar No. 00918)
409 Washington Avenue, Suite 707
Towson, Maryland 21204
Ph. 410.337.3755
Fax 410.337.3758


                                    /s/

-

Carmel J. Snow, Esquire
(Federal Bar No. 24989)
(signed by J. Edward Martin with
 permission of Carmel J. Snow)
2701 W. Patapsco Avenue, Suite 109
Baltimore, Maryland 21230
Ph. 410.525.0325
Fax 410.525.0717