UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| SYLVIA J. REDDY<br>4104 Turf Run Circle<br>Randallstown, Maryland 21133 | *<br><br>* |
| Plaintiff | * |
| v. | * |
| HONORABLE TERRENCE B. SHERIDAN,<br>CHIEF OF POLICE<br>Baltimore County Police Department<br>700 E. Joppa Road<br>Towson, Maryland 21286 | *<br><br>*<br><br>* |
| and | *   Civil No.: |
| GOVERNMENT OF BALTIMORE COUNTY<br>MARYLAND<br>SERVE ON: Hon. Edward Gillis,<br>            County Attorney<br>            400 Washington Avenue<br>            Room 219<br>            Towson, Maryland 21204 | *<br><br>*<br><br>*<br><br>* |
| and | * |
| TERRY WOODHOUSE<br>Baltimore County Police Department<br>700 E. Joppa Road<br>Towson, Maryland 21286 | *<br><br>*<br><br>* |
| Defendants | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND ELECTION OF JURY TRIAL

(Battery; Deprivation of Civil Rights;
Negligent Hiring, Training and Supervision)

Sylvia Reddy, Plaintiff, by J. Edward Martin and Carmel J. Snow, her attorneys, sues The Baltimore County Policy Department, The Baltimore County Government and Police Officer Terry Woodhouse, Defendants, as follows:

1. This is a civil action brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fifth Amendments to the United States Constitution seeking damages against the Defendants for committing acts under color of law which deprived Plaintiff of rights secured her under the Constitution and the laws of the United States of America.

2. In addition, this is a civil action seeking both compensatory and punitive damages against the Defendants for intentional wrong doing and acts of negligence under common law.

## Jurisdiction

3. Jurisdiction exists in this case pursuant to the Fourth and Fifth Amendments to the Constitution and under 42 U.S.C. § 1983, 28 U.S.C. § 1331, 28 U.S.C. § 1343 and pendent jurisdiction of this Court.

## Parties

4. Plaintiff, Sylvia Reddy, was, at all times relevant herein, a resident of the Baltimore County, State of Maryland, and a citizen of the United States of America presently residing at 4104 Turf Run Circle, Randallstown, Maryland 21133.

5. The Defendant Government of Baltimore County maintain a police department which operates under and administers a set of law enforcement policies, practices and customs involving hiring, training and supervision of its police officers. These policies, practices and customs include, but are not limited to, training in the use of courtesy and respect for the dignity of other individuals including fellow police officers. At all times relevant hereto, the Defendant Baltimore County Police Department and the Defendant Baltimore County Government were the employer of the Defendant Terry Woodhouse. The Defendants can sue and be sued in this Court.

6. Defendant Terry Woodhouse (hereinafter referred to as "Woodhouse") was, at all times relevant to this proceeding, a police officer in the employ of the Baltimore County Government and the Baltimore County Police Department acting within the course and scope of his employment and, therefore, a servant, agent and employee of the Defendant Baltimore County Government and the Defendant Baltimore County Police Department who are answerable at law for his acts.

**Statement of Facts**

7. In October 1987, the Plaintiff, Sylvia J. Reddy, was first employed as a Baltimore County Police Officer. Since approximately 1993 Plaintiff has been subjected to racial, verbal and physical sex-based harassment by a co-worker, the Defendant Terry Woodhouse. On February 26, 2002 the Defendant Terry Woodhouse kicked the Plaintiff in the region of her buttocks while both the Plaintiff and the Defendant Woodhouse were engaged in their duties as police officers. Following the

incident of February 26, 2002 Plaintiff immediately complained to her supervisors and was, improperly, involuntarily transferred out of her unit by the Police Department.

8. Despite numerous complaints by the Plaintiff to her supervisor regarding the battery inflicted by Officer Woodhouse, when he kicked the Plaintiff in the buttocks, and despite the continued racial and sex-based harassment, the harassment continued and no action has been taken by the Defendant Police Department against the harasser, Officer Terry Woodhouse.

Terry Woodhouse has stated on numerous occasions that he has nothing to live for because, according to him, his children do not talk to him, he has two failed marriages and he sees nothing in his future that will be of benefit. These comments are known to the Police Department, have specifically been brought to the attention of supervisory personnel of the Police Department and no actions have been taken. The Plaintiff reasonably fears that she continues to be in physical danger and that the Defendant Terry Woodhouse will attack her again. The Plaintiff has requested her supervisors at the Police Department to order the Defendant Terry Woodhouse to stay away from her but they have either failed to do so or, if they have done so, have failed to require compliance with their orders.

9. Following the incident on February 26, 2002 several other individual police officers have spoken up on behalf of the Plaintiff to their various supervisors at the Police Department. As a result these other individuals, who have tried to support the Plaintiff in her reasonable complaints about Officer Woodhouse, have been demoted, moved to other assignments, placed back out on street duty and been given unreasonable reprimands and charges. These and other similar actions demonstrate that the Police Department has either a gender-based bias against the Plaintiff, a racial bias against the Plaintiff or a general pattern of indifference to the personal safety of its female and its minority police officers.

10. The Defendant Woodhouse's actions, in kicking the Plaintiff in her buttocks region, have caused her severe pain and injuries for which she has received medical treatment for many months after the incident and which also have caused her to suffer lost wages and loss of future wage earning capacity.

11. At all times relevant to this action, the Defendant Woodhouse was acting under the color of law and within the scope of his employment as a duly appointed police officer with the Baltimore County Police Department in the employ of the Defendant Government of Baltimore County, Maryland.

12. At all times relevant to this action, the Defendants Baltimore County Police Department and Baltimore County Government were responsible for the policies and procedures followed by their police officers and by the Defendant Woodhouse in the actions taken relating to the citizens of the State of Maryland and specifically

including the Plaintiff and these Defendants were further responsible for the hiring, training, supervision, monitoring and discipline of the Defendant Woodhouse, the officer involved.

13. Plaintiff promptly notified her employer of her claim. On April 3, 2002 she filed a charge of discrimination with the EEOC (Charge No. 120A200647) which claim was defended by the Baltimore County Office of Law. On November 21, 2002 the EEOC closed its file, sent a copy of the notice thereof to the Baltimore County Office of law and notified the Plaintiff that she had rights to assert a lawsuit. Her claim with the EEOC contained a concise statement of facts that set forth the nature of her claim including the date and place of the incident. This filing provided Baltimore County with sufficient written notice of the circumstances of the underlying incident to enable it to investigate the claim and respond either by settlement or defense.

## COUNT I

### (Deprivation of Civil Rights, Section 1983 and 1988)

14. Plaintiff incorporates by reference Paragraphs 1 through 12 as if fully set forth herein.

15. Plaintiff further alleges that Defendants, with deliberate indifference to and reckless disregard for the safety and well being of the Plaintiff and in violation of 42 U.S.C. § 1983, did on or about February 26, 2002, commit or allow to be committed, acts which deprived Plaintiff of her constitutional rights without affording her due

process of law. Moreover, subsequent to February 26, 2002, the Defendants with deliberate indifference to and reckless disregard for the safety and well being of the Plaintiff and in violation of 42 U.S.C. § 1983 did commit and allowed to be continued additional acts which deprived Plaintiff of her constitutional rights without affording her due process of law.

16. Each of the acts of Defendants were done not as individuals but by virtue of and under their authority as agents of the Government of Baltimore County, Maryland and of the Baltimore County Police Department and under the color and pretense of the statutes, ordinances, regulations, contracts, customs and usages of Baltimore County and the State of Maryland. Such acts by Defendants constitute a deliberate indifference to Plaintiff's rights and privileges under the United States Constitution and its amendments and by the laws of the United States as protected by 42 U.S.C. §§ 1983 and 1988.

17. As a direct and proximate result of the actions of the Defendants, Plaintiff sustained serious injuries including, but not limited to, injuries to her back, legs, spine, and other parts of her physical person, all to her detriment.

18. As a further direct and proximate result of the actions of the Defendants, the Plaintiff has incurred, and will continue to incur, expenses for medical treatment and has suffered, and will continue to suffer, much physical pain and severe mental anguish, all to her detriment..

WHEREFORE, the Plaintiff, Sylvia Reddy demands judgment against the

Defendants, Baltimore County Police Department, Government of Baltimore County, Maryland and Police Officer Terry Woodhouse, jointly and severally, in the full and just amount of One Million Five Hundred Thousand Dollars ($1,500,000.00), plus interest, costs and an award of attorney's fees.

## COUNT II

### (Battery)

19. Plaintiff incorporates by reference Paragraphs 1 through 12 as if fully set forth herein.

20. On the above date and time, the Defendant Woodhouse, without proper grounds, willfully and maliciously brutalized the Plaintiff by negligently or willfully kicking her in her buttocks region which resulted in the infliction of severe physical injuries, extensive emotional trauma and mental anguish to the Plaintiff, all to her damage.

21. As a direct and proximate result of the Defendant Woodhouse's willful, malicious and intentional actions, Plaintiff has suffered, and will continue to suffer in the future, serious and extensive bodily injuries, economic loss as a result of her injuries and severe psychological harm and mental distress including, but not limited to, fright, shame, mortification, humiliation and embarrassment, all to her damage.

22. As a further direct and proximate result of the negligent misconduct of the Defendants Plaintiff has suffered, and will continue to sustain substantial expenses for medical care and treatment and has suffered, and will continue to suffer, much

physical pain and severe mental anguish, all to her detriment.

WHEREFORE, the Plaintiff, Sylvia Reddy demands judgment against the Defendant Police Officer Terry Woodhouse, in the full and just amount of One Million Five Hundred Thousand Dollars ($1,500,000.00), plus interest, costs and an award of attorney's fees.

## COUNT III

### (Negligent Hiring, Training and Supervision)

23. Plaintiff incorporates by reference Paragraphs 1 through 12 as if fully set forth herein.

24. At all times relevant hereto, the Defendant Woodhouse was acting under the direction and control and pursuant to the rules, regulations, policies and procedures of Defendant Baltimore County Government and Baltimore County Police Department.

25. The Defendants Baltimore County Government and Baltimore County Police Department had a duty to (I) properly scrutinize applicants to the Baltimore County Police Force, (ii) properly train, supervise, control, direct and monitor those officers in their duties and responsibilities and (iii) otherwise exercise that degree of skill and care in the hiring, training and supervision if its police officers and the officers thereof as is required by applicable federal and state laws.

26. The Defendants Baltimore County Government and Baltimore County Police Department breached their duty by failing to properly scrutinize applicants including the Defendant Woodhouse to the Baltimore County Police Force and by failing to properly train, supervise, control, direct and monitor those officers including the Defendant Woodhouse in their duties and responsibilities.

27. As a direct and proximate result of the acts and omissions of the Defendants, and each of them, Plaintiff was wrongfully and unlawfully brutalized and otherwise harmed, as well as harassed both physically and mentally by the Defendants. As a result, Plaintiff has suffered permanent and severe physical injuries, mental anguish and emotional distress, all to her damage.

WHEREFORE, the Plaintiff, Sylvia Reddy demands judgment against the Defendants, Baltimore County Police Department, Government of Baltimore County, Maryland and Police Officer Terry Woodhouse, jointly and severally, in the amount of One Million Dollars ($1,000,000.00), in compensatory damages, punitive damages, plus interest, costs and an award of attorney's fees.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

Respected submitted,

JOSEPH EDWARD MARTIN ESQ., CHTD.

By:_____
    J. Edward Martin Fed Bar #0918
    409 Washington Avenue, Suite 707
    Mercantile-Towson Building
    Towson, Maryland 21204-4918
    (410) 337-3755

CARMEL J. SNOW, P.A.

By:_____
    Carmel J. Snow Fed Bar #24989
    2701 W. Patapsco Avenue, Suite 109
    Baltimore, Maryland 21230
    (410) 525-0325

Attorneys for Plaintiff