UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BETH P. GESNER
UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4288
(410) 962-3844 FAX

February 27, 2004

Joseph Edward Martin, Esquire
Mercantile Towson Building
409 Washington Avenue, Suite 707
Towson, Maryland 21204-4918

Carmel J. Snow, Esquire
2701 W. Patapsco Avenue, Suite 109
Baltimore, Maryland 21230

Paul McLane Mayhew, Esquire
Baltimore County Law Department
Old Courthouse
400 Washington Avenue, 2nd Floor
Towson, Maryland 21204

      Subject: Sylvia J. Reddy v. Honorable Terrence B. Sheridan, Chief of Police, et al.
         Civil No. MJG-03-425

Dear Counsel:

      Please be advised that a settlement conference in the above-captioned case has been scheduled for **Thursday, March 25, 2004 at 9:15 a.m. to be held in my chambers** (Room 7C, United States Courthouse, Baltimore, Maryland). It is essential that the parties, or in the case of a corporation or partnership, an officer or other representative with complete authority to enter into a binding settlement, be present in person. Attendance by the attorney for a party is <u>not</u> sufficient. *See* Local Rule 607.3. **Please also be advised that the conference may take the entire day.**

      No later than **Thursday, March 11, 2004**, I would like to receive from each party a short letter candidly setting forth the following:

    1. Facts you believe you can prove at trial;

    2. The major weaknesses in each side's case, both factual and legal;

    3. An evaluation of the maximum and minimum damage awards you believe likely;

Letter to Counsel - <u>Sylvia J. Reddy v. Honorable Terrence B. Sheridan, Chief of Police, et al.</u>
February 27, 2004
Page Two

      4.  The history of any settlement negotiations to date; and

      5.  Estimate of attorney's fees and costs of litigation through trial.

The letters may be submitted <u>ex parte</u> and will be solely for my use in preparing for the settlement conference. I also will review the pleadings in the court file. Additionally, if you want me to review any case authorities that you believe are critical to your evaluation of the case, please identify. If you want me to review any exhibits or deposition excerpts, please attach a copy to your letter.[1]

The settlement conference process will be confidential and disclosure of confidential dispute resolution communications is prohibited. *See* 28 U.S.C. § 652(d); Local Rule 607.4.

Notwithstanding the informal nature of this letter, it is an Order of the Court and the Clerk is directed to docket it as such.

                                                       Very truly yours,

                                                       /s/

                                                     Beth P. Gesner
                                                   United States Magistrate Judge

cc:      Court file

---

[1] Please note that the American Bar Association Standing Committee on Ethics and Professional Responsibility has issued a Formal Opinion (No. 93-370) that precludes a lawyer, ABSENT INFORMED CLIENT CONSENT, from revealing to a judge the limits of the lawyer's settlement authority or the lawyer's advice to the client regarding settlement. The opinion does not preclude a judge, in seeking to facilitate a settlement, from inquiring into those matters. Therefore, please discuss these items with your client before appearing for the settlement conference.

U.S. District Court (Rev. 9/2001)